T.C. Memo. 2008-282

UNITED STATES TAX COURT

STEPHEN AND KAREN MEEH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13198-07L.          Filed December 16, 2008.

Stephen Meeh and Karen Meeh, pro sese.

<u>Ann L. Darnold</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  The parties submitted this case to the Court without trial.  See Rule 122.[1]  Respondent made the determination to proceed to collect, by levy, petitioners' 1993, 1994, and 1995

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

outstanding income tax liabilities of $7,687, $31,120, and $36,500, respectively. Petitioners, under section 6330, seek review of respondent's determination.

The parties' controversy poses the following issues for our consideration: (1) Whether petitioners are entitled to question the merits of the underlying income tax liabilities; (2) whether petitioners are liable for the income tax liabilities; and (3) whether there was an abuse of discretion in respondent's determination to proceed with the collection action. For all purposes hereafter, the years at issue shall refer to 1993, 1994, and 1995.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time petitioners filed their petition, they resided in Oklahoma. On April 12, 2000, petitioners jointly filed their untimely Forms 1040, U.S. Individual Income Tax Return, for the years at issue. On August 14, 2000, respondent assessed a tax with respect to each of the 1994 and 1995 income tax liabilities. On October 30, 2000, respondent assessed a tax with respect to the 1993 income tax liability. Respondent based his assessments of tax for the years at issue on the amounts reported by petitioners on their returns. On December 12, 2005, respondent

sent petitioners a Form CP-504, Notice Before Levy, stating that respondent intended to levy on petitioners' assets for purposes of collecting the income tax liabilities for the years at issue.

On January 3, 2006, petitioners submitted a Form 12153, Request for a Collection Due Process Hearing (section 6330 hearing request). Petitioners' section 6330 hearing request stated that: (1) Petitioners had already paid the tax; (2) error was made in the calculation of the assessed liability; (3) procedural error was made in the providing of the "notice of assessment"; (4) the opportunity to dispute the assessed liability was inadequate; and (5) petitioners would offer collection alternatives.

On January 23, 2007, Settlement Officer Deborah Conley (Ms. Conley) sent petitioners a letter indicating that they were entitled only to a so-called equivalent hearing as their section 6330 hearing request was not timely.[2] Ms. Conley scheduled a telephone hearing for February 27, 2007. Ms. Conley also requested that petitioners provide the following items: (1) A completed Form 433-A, Collection Information Statement for

_____

[2]Respondent erroneously believed that he sent petitioners a notice of intent to levy on Jan. 23, 2001. Thus, respondent originally concluded that petitioners' sec. 6330 hearing request was not timely. Respondent now concedes he cannot establish that he sent petitioners a notice of intent to levy before Dec. 12, 2005. Accordingly, respondent also concedes that petitioners' sec. 6330 hearing request was timely and the Court has jurisdiction over this case. See infra p. 5.

Individuals; (2) completed returns for 2001, 2002, and 2005; and (3) proof that petitioners had made sufficient estimated tax payments for 2006. Petitioners failed to call Ms. Conley on the date of the hearing and failed to provide the requested items.

On March 14, 2007, Stephen Meeh (Mr. Meeh) sent a fax to Ms. Conley. Mr. Meeh's fax expressed concern that petitioners had been assigned an equivalent hearing but failed to discuss the issues raised in petitioners' section 6330 hearing request.

On May 12, 2007, respondent issued a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 (decision letter) to petitioners with respect to collection of their 1993 income tax liabilities. On May 24, 2007, respondent issued a decision letter to petitioners with respect to collection of their 1994 and 1995 income tax liabilities. In both decision letters, respondent determined that petitioners had not presented any information regarding the issues raised in their section 6330 hearing request. Respondent also determined that petitioners failed to offer any collection alternatives. Accordingly, respondent sustained the collection action. In response to these decision letters, petitioners filed their petition with this Court on June 11, 2007.

## Discussion

Before the Commissioner may levy on any property or property right of a taxpayer, the taxpayer must be provided written notice of the right to request a hearing, and the notice must be provided no less than 30 days before the levy is made. Sec. 6330(a). If the taxpayer requests a hearing under section 6330, an Appeals officer of the Commissioner must hold the hearing. Sec. 6330(b)(1). Within 30 days of the issuance of the Appeals officer's determination, the taxpayer may seek judicial review of the determination. Sec. 6330(d)(1).

Respondent concedes that petitioners' section 6330 hearing request was timely under section 6330(a)(3)(B) and (b)(1). Accordingly, we will treat the "decisions" reflected in the decision letters issued to petitioners on May 12 and 24, 2007, as "determinations" for purposes of section 6330(d)(1). See Craig v. Commissioner, 119 T.C. 252 (2002). We therefore have jurisdiction to review Ms. Conley's decisions.

## I. Underlying Tax Liabilities

### A. Whether Petitioners Are Entitled To Dispute the Underlying Liabilities

Section 6330(c)(2)(B) provides that a person may challenge the existence or amount of the underlying tax liability if the person did not receive a notice of deficiency for the relevant tax period or did not otherwise have an opportunity to dispute the liability.

Petitioners argue that they were never given the chance to contest their underlying tax liabilities. Respondent counters that petitioners are precluded from raising issues relating to the merits of the underlying tax liabilities by their failure to raise such issues in their hearing. Respondent concedes that it cannot be determined from the record whether petitioners received notices of deficiency for the years at issue.

Respondent is correct that taxpayers may ask the Court to consider only issues that were initially raised before the Appeals Office in a section 6330 hearing. Giamelli v. Commissioner, 129 T.C. 107 (2007). However, petitioners clearly raised the issue of their underlying tax liabilities in their section 6330 hearing request by stating that "error was made in the calculation of assessed liability." Accordingly, we may review the merits of the underlying tax liabilities.

B.  Merits of the Underlying Tax Liabilities

In situations where the Court will review the merits of the underlying tax liability, the standard of review is de novo. Montgomery v. Commissioner, 122 T.C. 1, 9 (2004); Hoffman v. Commissioner, 119 T.C. 140, 144-145 (2002); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Petitioners "self-assessed" their tax liabilities by reporting such liabilities on their income tax returns. The record is devoid of any reason why petitioners' self-assessed tax

is inaccurate.  Ms. Conley offered petitioners ample opportunity throughout the section 6330 hearing to provide reasons or documentation to substantiate their position, and petitioners failed to comply.  Accordingly, we uphold petitioners' underlying tax liabilities for the years at issue.

II.  Review of Determinations for Abuse of Discretion

Following a section 6330 hearing, the Appeals officer must determine whether the proposed levy action may proceed.  The Appeals Office is required to take into consideration: (1) Verification presented by the Secretary that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action.  Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by the Appeals Office in connection with the section 6330 hearing.  Where the underlying tax liability is not in dispute, the Court will review the determination of the Appeals Office for abuse of discretion.  Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000).  An abuse of discretion occurs if the Appeals Office exercises its

discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

We have already examined and upheld the merits of the underlying tax liabilities for the years at issue. Accordingly, we will review respondent's determinations to proceed with the levy for abuse of discretion.

Petitioners argue that respondent abused his discretion by failing to allow petitioners a section 6330 hearing and by determining that the method of assessment for the years in question was adequate.[3] We disagree.

A.   The Equivalent Hearing

The bulk of petitioners' correspondence with respondent during the Appeals hearing process centered around petitioners' concern that respondent afforded petitioners an equivalent hearing rather than a section 6330 hearing. Respondent erred in originally determining that petitioners' section 6330 hearing request was not timely. However, petitioners' efforts to challenge the collection action were not prejudiced by respondent's treatment of their hearing as an equivalent hearing. The key differences between a section 6330 hearing and the

---

[3]Respondent argues that petitioners should be barred from raising the argument that the method of assessment was inadequate because petitioners did not raise the issue during their Appeals hearing. See Giamelli v. Commissioner, 129 T.C. 107 (2007). However, petitioners raised the issue in their sec. 6330 hearing request by stating that "procedural error was made in the providing of the notice of assessment".

equivalent hearing respondent afforded petitioners are that an equivalent hearing does not allow a taxpayer to seek judicial review and does not necessarily suspend collection activities while the hearing is pending.  See sec. 301.6330-1(i), Proced. & Admin. Regs.  The record indicates that respondent suspended his collection activities, and petitioners have timely filed a petition to review respondent's collection action determinations in this Court.  Accordingly, we hold that petitioners were afforded their full right to an Appeals hearing under section 6320(a)(3)(B) and (b)(1), and respondent did not abuse his discretion in proceeding with the collection action.

B.    Method of Assessment

Petitioners contend in their petition, without elaborating, that respondent's method of assessment was inadequate.  Section 6330(c)(1) requires Appeals to obtain verification from the Secretary of the Treasury that the requirements of any applicable law or administrative procedure have been met.  The record indicates that to comply with section 6330(c)(1), Ms. Conley relied on computer transcripts which identified the taxpayer, the character of the liabilities assessed, the taxable periods, and the amounts of the assessments.  Computer transcripts that show this type of information are a valid verification that all requirements of applicable law or administrative procedure have been met.  See Roberts v. Commissioner, 118 T.C. 365, 371 n.10

(2002), affd. 329 F.3d 1224 (11th Cir. 2003); Schroeder v. Commissioner, T.C. Memo. 2002-190.  It was not an abuse of discretion for Ms. Conley to rely on a computer transcript to verify that legal and procedural requirements were satisfied as required by section 6330(c)(1) and (3)(A) and section 301.6330-1(e)(1), Proced. & Admin. Regs.  See Craig v. Commissioner, 119 T.C. at 261-263; Nestor v. Commissioner, 118 T.C. 162, 166 (2002).

C.    Collection Alternatives

Petitioners stated in their section 6330 hearing request that they wanted respondent to consider collection alternatives. However, petitioners failed to propose or present any information regarding collection alternatives during their section 6330 hearing.  Accordingly, respondent did not abuse his discretion in proceeding with the collection action.

D.    Conclusion

Petitioners have given no bona fide basis for their claim that the collection action is inappropriate.  Therefore, respondent did not abuse his discretion by determining to proceed with the collection of petitioners' unpaid Federal income tax liabilities at issue.

In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we conclude them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.