T.C. Memo. 2009-135

UNITED STATES TAX COURT

ROBERT JUDGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28615-07L.                    Filed June 10, 2009.

<u>Howard M. Koff</u>, for petitioner.

<u>John R. Mikalchus</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Petitioner seeks review of respondent's determination to proceed with a proposed levy to collect income tax liabilities for tax years 2001, 2002, 2003, and 2004.  The issue for decision is whether respondent abused his discretion in sustaining the levy.  For the reasons stated herein, we hold that respondent abused his discretion.

## Background

The parties submitted this case fully stipulated under Rule 122.[1]  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in New York at the time of filing his petition.

Petitioner filed individual income tax returns that reported tax due for the years at issue.  The unpaid tax resulted from insufficient estimated income tax payments.  Petitioner did not submit any payments with his returns.  In 2004 petitioner entered into and subsequently defaulted on an installment agreement with respect to 2001.  In 2005 petitioner submitted an offer-in-compromise with respect to the years at issue.  The Internal Revenue Service (IRS) rejected the offer-in-compromise on the basis that petitioner's reasonable collection potential exceeded the offer.

In April 2007 respondent issued a notice of intent to levy for the years at issue.  At that time petitioner had unpaid assessments in excess of $200,000 plus accrued interest for the years at issue.  Petitioner timely requested a collection due process hearing (CDP hearing) and indicated that he would pursue an installment agreement or an offer-in-compromise.  The Appeals Office requested that petitioner provide a completed Form 433-A,

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and unless otherwise indicated all section references are to the Internal Revenue Code.

Collection Information Statement for Wage Earners and Self-Employed Individuals. Petitioner submitted a Form 433-A to the Appeals Office on July 2, 2007. Upon receipt of the Form 433-A the Appeals Office assigned the case to a settlement officer. In October 2007 the Appeals Office discovered that the settlement officer had not received the case file because the file was apparently delivered to an incorrect address. Once he received the case file, the settlement officer could not find the Form 433-A. In an October 11, 2007, letter, the settlement officer requested that petitioner submit a Form 433-A, a signed 2006 return, and proof of 2007 estimated tax payments within 14 days, i.e., by October 25, 2007. The settlement officer did not inform petitioner that he could not find the Form 433-A petitioner had previously submitted. Petitioner had filed his 2006 return electronically before the date of this letter.

On November 8, 2007, the settlement officer held a telephone conference with petitioner's representative. During the hearing petitioner's representative stated that petitioner sent the requested documents 2 days before, but the settlement officer had not received the documents. Petitioner's representative stated that he believed petitioner's income was overstated on the Form 433-A and requested a brief extension of time to prepare a revised Form 433-A. Petitioner's representative also stated that petitioner qualified for an offer-in-compromise. The settlement

officer denied the request for an extension.  Shortly after the hearing, the settlement officer received the Form 433-A and the 2006 return.  During the CDP hearing petitioner did not challenge the underlying tax liabilities for 2000 through 2004.  On November 19, 2007, respondent issued a notice of determination sustaining the levy for the years at issue.

## Discussion

Petitioner argues that the settlement officer abused his discretion because he refused to grant a brief extension of time for petitioner to submit a revised Form 433-A to correct his income information.  Because petitioner does not dispute the underlying tax liabilities, we review respondent's determination sustaining the collection action for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  An abuse of discretion occurs when the Appeals officer's determination was arbitrary, capricious, or without sound basis in fact or law.  Murphy v. Commissioner, 125 T.C. 301, 308 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

At a CDP hearing a taxpayer may raise any relevant issue relating to the collection action including challenges to the appropriateness of the collection actions and possible collection alternatives.  Sec. 6330(c)(2)(A).  Following the hearing, the Appeals officer must determine whether the collection action

should proceed.  The Appeals officer must consider:  (1) Whether the requirements of applicable law and administrative procedure have been met, (2) any issues the taxpayer raised, and (3) whether the collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

It is not an abuse of discretion for an Appeals officer to sustain a collection action on the basis of a taxpayer's failure to submit requested financial information.  See Cavazos v. Commissioner, T.C. Memo. 2008-257; Chandler v. Commissioner, T.C. Memo. 2005-99.  Respondent argues that the settlement officer did not abuse his discretion because petitioner failed to provide the financial information necessary to consider collection alternatives.  The record clearly establishes otherwise.  The settlement officer denied petitioner's request for a brief extension at the hearing on the ground that petitioner failed to provide a Form 433-A before the October 25 deadline, which is clearly incorrect because petitioner provided a Form 433-A to the Appeals Office in July 2007, 4 months before the hearing.[2]  The Appeals Office misplaced petitioner's Form 433-A, but the

---

[2]In the attachment to the notice of determination, the settlement officer justified his denial of a brief extension as follows:  "The information was to be submitted by October 25th and still not received, further extension was denied."

settlement officer never informed petitioner of this fact. The settlement officer's basis for denying petitioner's request for a brief extension, i.e., petitioner's failure to provide a Form 433-A before the hearing, is contrary to the facts in the record. Accordingly, we hold that he abused his discretion in denying a brief extension and sustaining the levy.

In denying a brief extension, the settlement officer also failed to consider that petitioner resubmitted the Form 433-A at the settlement officer's request on November 6, 2007. The settlement officer had not received petitioner's second submission of the Form 433-A before the CDP hearing on November 8, 2007. The settlement officer knew petitioner had sent it, and he received the Form 433-A shortly after the hearing. The record does not establish the date the settlement officer received the Form 433-A or whether he received the form before the issuance of the notice of determination on November 19, 2007. However, the settlement officer denied petitioner's request for a brief extension on the basis that he did not receive the Form 433-A by the October 25 deadline. This short delay in petitioner's submission of the second Form 433-A does not justify respondent's sustaining the levy without granting a brief extension for petitioner to revise his income information, especially in view of the fact that the settlement officer failed to acknowledge

that the Appeals Office lost petitioner's first Form 433-A submitted 4 months before the CDP hearing.

Respondent contends that the settlement officer could not have considered the Form 433-A because it was incorrect. The record supports petitioner's claim that his income information was overstated on the second Form 433-A that petitioner submitted. The second Form 433-A listed petitioner's monthly net business income as nearly double his net profit from his business reported on his 2006 Schedule C, Profit or Loss From Business. In view of this clear inconsistency and the fact that the Appeals Office lost petitioner's first Form 433-A, we believe that it was unreasonable for the settlement officer to refuse to grant petitioner a brief extension.

Irrespective of whether or not the Form 433-A was correct, the record establishes that the settlement officer did not make any determination based on the financial information petitioner provided as section 6330 requires. Section 6330 requires the settlement officer to consider information the taxpayer presented. The settlement officer did not make any determination based upon the information petitioner provided regarding petitioner's ability to pay the tax liabilities or whether he would qualify for collection alternatives such as an offer-in-compromise. See Crisan v. Commissioner, T.C. Memo. 2003-318; Schulman v. Commissioner, T.C. Memo. 2002-129. The settlement

officer could not have done so when he decided at the CDP hearing to deny the extension because the Appeals Office misplaced the Form 433-A petitioner sent in July 2007 and the settlement officer had not yet received the second Form 433-A petitioner sent 2 days before the hearing.

Respondent also argues that petitioner failed to provide an offer-in-compromise before the CDP hearing. The settlement officer did not request that petitioner submit an offer-in-compromise before the CDP hearing date. Nor did the settlement officer base his decision to deny a brief extension on the fact that petitioner did not provide an offer-in-compromise before the CDP hearing. Respondent argues that the settlement officer reasonably determined that collection alternatives would be ineffective on the basis of the defaulted installment agreement and previously rejected offer-in-compromise. However, the record does not indicate that the settlement officer considered these past collection alternatives when making his determination.

We hold that the settlement officer's refusal to grant a brief extension for petitioner to correct the income information on his Form 433-A was an abuse of discretion and denied petitioner his right to a fair hearing. Petitioner's past cooperation with the Appeals Office persuades us that he would have timely submitted the revised financial information if granted an extension. Petitioner had not previously requested an

extension and had cooperated with the Appeals Office.  Cf. <u>Roman v. Commissioner</u>, T.C. Memo. 2004-20 (taxpayer received repeated extensions and still failed to provide the requested information); <u>Rodriguez v. Commissioner</u>, T.C. Memo. 2003-153 (same).  Accordingly, we shall remand this matter for the Appeals Office to consider an offer-in-compromise or other collection alternative.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.