T.C. Memo. 2009-180

UNITED STATES TAX COURT

STEPHEN AND KAREN MEEH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7370-08L.                    Filed August 5, 2009.

Stephen and Karen Meeh, pro se.

<u>Ann L. Darnold</u>, for respondent.


MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Pursuant to section 6330(d), petitioners
seek review of respondent's determination sustaining a proposed
levy with respect to their 2003 and 2004 income taxes.[1]

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. When they filed their petition, petitioners resided in Oklahoma.

On June 26, 2007, respondent sent petitioners a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with regard to petitioners' 2003 and 2004 income taxes. On July 27, 2007, petitioners submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, on which they indicated they wished to pursue an installment agreement.

By letter dated October 31, 2007, a settlement officer in respondent's Memphis, Tennessee, Appeals Office scheduled a telephone conference for November 27, 2007, and requested that petitioners submit signed tax returns for 2005 and 2006 as well as Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

On November 16, 2007, petitioners telephoned the settlement officer. Failing to reach her, they left voice messages requesting to reschedule the hearing because of a work-related conflict. The settlement officer returned the calls and left voice messages.

In a letter to petitioners dated November 29, 2007, the settlement officer stated: "You did not call at the scheduled

time and you had not called to indicate that this date and/or time were not convenient". The settlement officer acknowledged having received from petitioners the requested 2005 and 2006 tax returns but indicated that she had not received the requested Form 433-A. The letter requested that petitioners submit within 2 weeks any additional information they wished to have considered.

On January 2, 2008, petitioners faxed a letter to the settlement officer expressing their continued interest in a telephone hearing. They indicated that they had been delayed in submitting the requested financial information because of changes in their financial circumstances as of the new year. They requested that the record be clarified to show that, contrary to the statements in the settlement officer's November 29, 2007, letter, they had in fact exchanged recorded messages with the settlement officer seeking to reschedule the previously scheduled conference.

On January 8, 2008, petitioner husband (Mr. Meeh) telephoned the settlement officer to reschedule the hearing. The settlement officer rescheduled the telephone hearing for 9 a.m., January 15, 2008, and informed petitioners that they had to provide all financial documentation by then in order for her to consider an installment agreement. Mr. Meeh phoned for the hearing at the appointed time on January 15, 2008. The settlement officer was

on another call, however, and did not return Mr. Meeh's call until later that day, leaving a voice message. On January 18, 2008, she left another voice message advising that if she did not hear from petitioners by close of business January 21, 2008, she would have to close the case.

At 4:43 p.m. on January 21, 2008, petitioners faxed to the settlement officer the requested Form 433-A and associated financial information. The settlement officer reviewed this information and determined petitioners' disposable income to be $2,014 per month. According to her case activity record, on January 22, 2008, the settlement officer telephoned petitioners to "discuss the outcome" and left a voice message for a return call. According to the case activity record, the settlement officer called petitioners again on January 31 and February 26, 2008, and left voice messages requesting a return call. Petitioners allege that Mr. Meeh attempted several times after January 22 to call the settlement officer.

On March 5, 2008, respondent issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy (the notice of determination). The notice of determination contains a "Summary of Determination", which states in its entirety:

> Your request for relief from the proposed levy action is being denied. You did not present sufficient documentation to assist us is making an adequate decision under the Collection Due Process [sic]. The

collection alternative you proposed was denied based on lack of documentation.  Therefore, Appeals has sustained Collections levy action.  See attachment for detailed information.

The Appeals case memorandum attached to the notice of determination (the attachment) states in part:

### Summary and Recommendation

* * * * * * *

The taxpayer has not presented any information to dispute the appropriateness of the collection actions nor have they submitted any documentation to support a discussion of collection alternatives to Appeals.

### Brief Background

* * * * * * *

The Settlement Officer offered you a face to face meeting, correspondence hearing and/or a telephonic hearing.  You did not indicate your preference. Therefore, you were offered a telephonic hearing in which you failed to phone on the day and at the time that was originally scheduled for you.

### Discussion and Analysis

* * * * * * *

II.  Relevant Issues Presented by the Taxpayer

ISSUE:

Per Form 12153, you made no comments concerning any issues to be raised in during [sic] the Collection Due Process hearing.

RESPONSE:

* * * * * * *

The Settlement Officer issued a Substantive Contact letter dated October 31, 2007, offering you a Collection Due Process Hearing on November 27, 2007.

The Settlement Officer also requested you to complete a Form 433-A (Collection Information Statement) and to send Form 656 with all required financial documentation and file the 2005 and 2006 Federal Income Tax Return. You phoned on November 16, 2007 leaving a voicemail message to reschedule the hearing. The hearing was not held on November 27, 2007. The Settlement Officer returned the phone call but was unable to reach you. On November 29, 2007, you filed the Federal Income Tax Returns for 2005 and 2006. You did not provide the financial information that was requested of you. The Settlement Officer issued Letter 4000 on November 29, 2007, requesting a second response. The Settlement Officer tried several other times to reach you. On January 8, 2008 you phoned for the conference. You wanted the Settlement Officer to set up an Installment Agreement. You had not sent the financial information requested of you. You were advised to provide the financial information by 01/15/08; the Settlement Officer also rescheduled the hearing on that day. You were informed of the consequences for not responding. You phoned for the hearing, leaving a voicemail message. Your call was return [sic] on the same day; however, we did not hold the hearing. Also, the financial information was not sent. The financial information was finally sent on January 22, 2008. The information was reviewed and the Settlement Officer phoned you on January 31, 2008 to discuss your account. A voicemail message was left for you to return the call. You did not respond. After several unsuccessful attempts to reach you by telephone, the Settlement Officer was unable to connect with you. The Settlement Officer continued with normal processing procedures. The Settlement Officer was unable to assist you or provide a collection alternative to you because you did not cooperate with us. You were informed that we would continue to process your case based on the information in your case file if you failed to respond. We are closing your case with the Appeals Office. * * *

III. Balancing of the Need for the Efficient Collection of the Taxes With the Concerns That the Collection Action Be No More Intrusive Than Necessary.

Enforced collection is inevitably intrusive, but it does not appear that any less intrusive action will meet the liability. Since you did not present any acceptable alternatives or provide a financial

statement, Appeals believes that the levy action balances the need for efficient collection of taxes with the intrusiveness of the action.

## Discussion

Section 6330 provides for notice and opportunity for a hearing before the IRS may levy upon the property of any person. Under section 6330(c)(3), the determination to proceed with a collection action "shall take into consideration * * * whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  Once the Appeals Office issues a notice of determination, the taxpayer may seek judicial review in this Court.  Sec. 6330(d)(1).

Petitioners have not challenged their underlying liability. Accordingly, we review the Appeals determination for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000). An action constitutes an abuse of discretion if it is arbitrary, capricious, or without sound basis in fact or law.  Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

The principal reason given in the notice of determination for sustaining the proposed levy was petitioners' failure to present "sufficient documentation".  The attachment goes further, stating that petitioners had failed to submit "any documentation".  Similarly, the attachment indicates that the

balancing test mandated by section 6330(c)(3) was satisfied because petitioners "did not present any acceptable alternatives or provide a financial statement".  These stated grounds are contradicted by other statements in the attachment indicating, as the administrative record shows, that petitioners faxed the requested financial information to the settlement officer on January 21, 2008.  The administrative record also indicates that, on the basis of the information petitioners provided, the settlement officer was able almost immediately to calculate petitioners' monthly disposable income.[2]

The attachment states:  "Per Form 12153, you made no comments concerning any issues to be raised in during [sic] the Collection Due Process hearing."  The Form 12153 clearly indicates, however, that petitioners wished to pursue an installment agreement.  The settlement officer failed to make any determination based upon the information petitioners provided as to whether petitioners would qualify for an installment agreement.  See Judge v. Commissioner, T.C. Memo. 2009-135.

The attachment states:  "you were offered a telephonic hearing in which you failed to phone on the day and at the time

---

[2]Respondent alleges that the financial information petitioners submitted was incomplete, but on this point, as on others, the record is too muddled for us to draw any firm conclusions, other than to note, as indicated above, that the information was apparently sufficient for the settlement officer to calculate petitioners' disposable income.

that was originally scheduled for you." Elsewhere, however, the attachment acknowledges that: "You phoned on November 16, 2007 leaving a voicemail message to reschedule the hearing." In fact, the administrative record shows that the hearing was eventually rescheduled but did not take place because the settlement officer was unavailable when Mr. Meeh phoned at the appointed hour.

Respondent suggests we should look past these numerous errors and inconsistencies and uphold the determination on the ground that the settlement officer properly closed petitioners' case because petitioners ultimately failed to return the settlement officer's calls after January 21, 2008, when petitioners finally submitted the requested financial information. Petitioners allege, to the contrary, that "Mr. Meeh returned all of the messages left for him, and made yet another number of unsolicited calls to the Appeals Officer, several after January 22, 2008." Petitioners' allegations are, we believe, consistent with their general pattern of conduct as evidenced in the administrative record. Moreover, their allegations are not inconsistent with the attachment to the notice of determination, which merely states that "the Settlement Officer was unable to connect with you". We observe that the settlement officer had a history not only of being unavailable when petitioners tried to contact her, even at a time that she had previously scheduled,

but of misrepresenting or failing to record petitioners' efforts to contact her.[3]

Neither party appears to be without fault. In particular, petitioners were not always as prompt as they should have been in responding to the settlement officer's communications and requests; furthermore, their track record is not heartening. See Meeh v. Commissioner, T.C. Memo. 2008-282. In the final analysis, however, the administrative record is badly muddled, and the notice of determination is so permeated with errors and inconsistencies as to lack a sound basis in fact or law. We conclude that it is appropriate to remand this matter to respondent's Appeals Office for the sole purpose of permitting petitioners, if they wish, to pursue their requested installment agreement.

To reflect the foregoing,

An appropriate order will be issued.

---

[3]In particular, we note that the settlement officer's Nov. 29, 2007, letter alleged, with regard to the originally scheduled Nov. 27, 2007, telephone conference, that petitioners had failed to call at the scheduled time and had failed to "indicate that this date and/or time were not convenient." The administrative record clearly shows, however, that petitioners had in fact exchanged recorded messages with the settlement officer seeking to reschedule the previously scheduled conference because of a work-related conflict.