T.C. Memo. 2019-107

UNITED STATES TAX COURT

TARYN L. DODD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7316-17L.                         Filed August 22, 2019.

Taryn L. Dodd, pro se.

Rachel L. Rollins, Jeffrey E. Gold, Deborah Aloof, and Jacob Russin, for respondent.

MEMORANDUM OPINION

LAUBER, Judge: In this collection due process (CDP) case, petitioner seeks review of a determination by the Internal Revenue Service (IRS or respondent) to uphold collection action. The IRS has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that its

[*2] determination to sustain the collection action was proper as a matter of law.[1]

We will deny the motion and direct respondent to show cause why this case should

not be remanded to the IRS Appeals Office for a supplemental CDP hearing.

Background

For 2013 petitioner timely filed an individual income tax return reporting a

tax liability of $183,976 and withholding credits of $14,245. The return was not

accompanied by a payment. On August 18, 2014, respondent assessed the tax

shown as due, additions to tax of $4,394, and interest of $1,753. Petitioner did not

pay these liabilities on notice and demand. As of September 2016 her assessed

liability for 2013 exceeded $207,000.

On September 5, 2016, the IRS issued to petitioner a Notice CP92, Seizure

of Your State Tax Refund and Your Right to a Hearing. Petitioner timely request-

ed a CDP hearing, contending that she was not responsible for the underlying lia-

bility and could not pay the tax. She explained that most of the liability arose from

a $1,073,312 gain on the sale of real estate owned by an LLC of which she was a

member. She alleged that she had received none of the sale proceeds, all of which

had been wired to a bank to pay off a line of credit of the law firm for which she

---

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure. We round all dollar amounts to the nearest dollar.

[*3] worked. She stated that she had erroneously reported this gain on her 2013 return and wished to resolve this issue at the CDP hearing.[2]

A.    Initial CDP Hearing

A settlement officer (SO) at the Appeals Office in Memphis, Tennessee, was assigned petitioner's case. On January 12, 2017, the SO sent petitioner a letter scheduling a telephone conference for February 28, 2017. The letter informed petitioner of the paperwork she needed to complete in order for the SO to consider collection alternatives. The letter did not address petitioner's contention that she did not owe the tax liability and did not invite petitioner to file an amended return.

The hearing was held as scheduled. The SO informed petitioner that no collection alternatives could be considered because she had supplied no financial information as of that date. The SO did not offer petitioner any additional time to supply this information and did not address her challenge to her underlying tax liability. Three days after the hearing, the IRS issued petitioner a notice of determination sustaining the levy. This notice incorrectly asserted that "[y]ou did not raise a challenge to the existence or amount of the underlying liability."

---

[2]Petitioner also requested withdrawal of a tax lien, but the IRS had not filed a notice of Federal tax lien for 2013.

**[*4]** Petitioner timely petitioned for review of the IRS' action. On May 17, 2018, respondent moved to remand the case to the Appeals Office for a supplemental CDP hearing. Respondent agreed that petitioner was entitled to challenge her underlying tax liability for 2013 and conceded that the SO "never properly considered petitioner's challenge to her underlying tax liability." Noting that the SO had closed the case immediately after the telephone conference, respondent conceded that petitioner "should have been provided additional time to submit * * * [an amended return for 2013] or other information to dispute * * * [her] liability."

Respondent conceded that the SO had abused her discretion and requested that we remand the case to the Appeals Office. On May 21, 2018, we granted that motion and directed the Appeals Office to conduct a supplemental hearing at which petitioner would be allowed "to provide an amended return" and "supporting documentation to dispute her underlying liability." We further directed that petitioner be given the opportunity "to submit additional information necessary for Appeals to consider * * * [her] request for currently not collectible status."

B. Supplemental CDP Hearing

On remand the case was assigned to the same SO who had conducted petitioner's original hearing. On June 13, 2018, the SO sent petitioner a letter sched-

[*5] uling a telephone conference for July 10, 2018. That letter consisted of three pages of single-spaced text and closely resembled the letter scheduling the original hearing. But the June 13, 2018, letter included an additional bullet point stating: "Your 2013 tax liability was determined based on the documents you submitted and the return that was filed by you. If any figures were in error, please submit a Form 1040X Amended return by 07/03/2018 for my review." The letter did not request documentation supporting the entries appearing on any amended return petitioner might submit, and it did not warn petitioner of any negative consequences if she did not submit the amended return before the hearing.

Petitioner did not submit an amended 2013 return or any financial information before the hearing. On July 10, 2018, the telephone conference was held as scheduled. According to the SO's case activity record, the gist of the supplemental hearing consisted of the following colloquy:

> I asked the taxpayer if she mailed/faxed signed Form 433A and all current supporting documents along with signed Form 1040X as requested * * * . She stated that she had been busy and forgot that she had a deadline date of 07/10/2018 to get the information to our office prior to the conference. * * * I informed the taxpayer if she was disputing the liability, she needed to have submitted the signed amended return Form 1040X by the conference date. * * * I informed the taxpayer that the levy action is sustained * * * [and that,] once she get[s] the requested information completed, she needs to send the information directly to the Service Center.

[*6] The SO closed the case the very next day. On July 19, 2018, nine days after the hearing, the IRS issued a supplemental notice of determination sustaining the levy.

The case was returned to this Court for further proceedings. On February 14, 2019, respondent filed a motion for summary judgment. Respondent contends that petitioner is precluded from challenging her underlying tax liability in this Court because she failed to submit an amended 2013 return to the SO before the supplemental hearing.

Petitioner filed a timely response to respondent's motion. She alleges that she did not receive and could not possibly have received $1 million from a real estate transaction in 2013 because "the only income she had was her salary working as a legal secretary in a law firm." She states that she needed to get advice on the procedures for completing an amended return and did not have time to secure such advice before the supplemental hearing. She also states that she had questions about the implications of filing an amended return for other taxpayers involved in the LLC transaction (apparently including the law firm for which she worked).

**[*7]**                                         Discussion

A.     Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly,

time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90

T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no

genuine dispute as to any material fact and a decision may be rendered as a matter

of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992),

aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judg-

ment, we construe factual materials and inferences drawn from them in the light

most favorable to the nonmoving party.  Sundstrand Corp., 98 T.C. at 520.  Upon

careful review of the parties' filings to date, and viewing the facts and the infer-

ences drawn from them in the light most favorable to petitioner as the nonmoving

party, we conclude that there are genuine disputes of material fact that preclude

the granting of summary judgment.

B.     Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court

should apply in reviewing an IRS administrative determination in a CDP case.

But our case law tells us what standard to adopt.  Where the validity of the taxpay-

er's underlying tax liability is properly at issue, we review the IRS' determination

**[\*8]** de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the taxpayer's underlying liability is not before us, we review the IRS determination for abuse of discretion only.  See id. at 182.

A taxpayer may challenge the existence or amount of her underlying liability in a CDP proceeding only "if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute * * * [it]."  Sec. 6330(c)(2)(B).  Respondent concedes (and we agree) that petitioner was entitled to dispute at the CDP hearing her underlying liability for 2013 because she had had no prior opportunity to do so.  See ibid.; Montgomery v. Commissioner, 122 T.C. 1, 8-9 (2004).  However, a taxpayer must properly present an underlying liability challenge at the CDP hearing in order to preserve that challenge for judicial review.  See Giamelli v. Commissioner, 129 T.C. 107, 113 (2007); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  In prior cases we have ruled that taxpayers did not properly present such a challenge when they failed to submit during a CDP hearing an amended return stating what they believed their correct tax liability to be.  See, e.g., Millen v. Commissioner, T.C. Memo. 2019-60; Burnett v. Commissioner, T.C. Memo. 2018-204.

We remanded this case after respondent conceded that the SO had abused her discretion by failing to consider petitioner's challenge to her underlying liabil-

**[*9]** ity and by failing to give petitioner enough time to submit information relevant to her request for a collection alternative. Given these concessions by IRS counsel and the terms of our remand order, one might have expected the Appeals Office to take all steps reasonably necessary to accomplish the purpose of our remand. Unfortunately, this is not what happened.

As a small part of a lengthy letter, the SO invited petitioner to submit an amended return. In many cases, submission of an amended return may be critical in ascertaining the taxpayer's position. But petitioner had clearly explained to the SO her position--namely, that she did not receive any of the LLC's real estate proceeds because 100% of the proceeds had been wired to her law firm's bank to pay off her law firm's line of credit. Petitioner even told the SO the name of the bank in question. That being so, submission of an amended return omitting $1 million of sale proceeds would not have added much to the SO's sum of knowledge.[3]

To get to the bottom of the "underlying liability" issue, the SO needed information supporting the facts that petitioner alleged. But the SO's June 13, 2018,

---

[3]If petitioner was a member of an LLC that realized gains, she would be liable for her distributive share of those gains regardless of whether she received an actual distribution. See secs. 702, 704; United States v. Bayse, 410 U.S. 441, 454 (1973). Whether the LLC of which she was a member realized gain and (if so) what her proper distributive share of that gain was are both pertinent questions in determining her correct tax liability for 2013.

**[\*10]** letter did not request factual information that would support petitioner's position. That letter simply asked petitioner to "submit a Form 1040X Amended return by 07/03/2018 for my review." And the letter did not indicate that petitioner's failure to submit an amended return by that deadline would preclude her from challenging her underlying liability.

Petitioner appears to have come to the supplemental hearing with questions about the procedures for (and consequences of) filing an amended return. But rather than address those questions or provide petitioner with additional time to supply the information that was needed, the SO closed the case the very next day. We think this action was unreasonable, particularly in light of respondent's acknowledgment that the SO pulled the trigger too quickly the first time around.

An SO is not required to wait indefinitely for the taxpayer to submit requested documentation. See, e.g., McMurtry v. Commissioner, T.C. Memo. 2019-22; Samaniego v. Commissioner, T.C. Memo. 2019-7. But as respondent agreed when moving to remand this case, an abuse of discretion may be found where the taxpayer was not afforded a reasonable amount of time to comply with document requests and deadlines. See, e.g., Szekely v. Commissioner, T.C. Memo. 2013-227; Judge v. Commissioner, T.C. Memo. 2009-135; see also Indus. Inv'rs v. Commissioner, T.C. Memo. 2007-93. Here, the SO was fully aware of petitioner's

**[*11]** position concerning her underlying tax liability for 2013. But the SO did not advise her, either in the letter scheduling the supplemental hearing or during the hearing itself, of the factual information that was needed to resolve that challenge. And rather than give petitioner a reasonable extension of time to supply that information, the SO closed the case the very next day.

On the record before us, we find that there exists (at the very least) a question of material fact as to whether the SO abused her discretion in handling this case on remand. We will accordingly deny respondent's motion for summary judgment. We will also direct respondent to show cause why this case should not be remanded once again for the conduct of a supplemental hearing--ideally, before a different SO--that is genuinely designed to get to the right answer concerning petitioner's underlying tax liability for 2013 and (if her underlying liability challenge is rejected) concerning her request for a collection alternative.

To implement the foregoing,

<u>An appropriate order will be issued</u>.